IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ikemefula Charles Ibeabuchi,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-18-00238-PHX-SPL<br><br>**ORDER** |

The Court has before it, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. 1), the Amended Petition (Doc. 9) and the Second Amended Petition. (Doc. 14) This Court is also in receipt of the Answer from the Respondents (Doc. 21), Petitioner's Reply (Doc. 22), Petitioner's Motion to Stay the Proceedings (Doc. 23) and the Respondent's Response to the Motion to Stay. (Doc. 24) Additionally, the Court is in receipt the Report and Recommendation of the Magistrate Judge (Doc. 25), Petitioner's Motion to File Attachment (Doc. 26), Petitioner's Objections (Doc. 27), Respondent's Response to the Objections (Doc. 28), and Petitioner's Attachment. (Doc. 30)

Petitioner argues in Ground 1 that several of his constitutional rights were violated. (Doc. 14 at 6) In Grounds 2 and 3, Petitioner argues additional violations of his constitutional rights when he "re-signed" "Condition 21" that he believes was not part of his original terms of probation in 2003. (*Id.* at 7-8) In Ground 4 the Petitioner argues his Arizona state court "sentencing order was jurisdictionally transferred to immigration which

invalidated Arizona's jurisdiction." (*Id*. at 9) Respondents argue Petitioner's claims are not properly before this Court because the Petitioner has failed to demonstrate that he is innocent and cannot excuse his procedural defaults. (Doc. 21 at 13-30) Respondents further argue the Petitioner failed to demonstrate his burden to show cause and prejudice, or a fundamental miscarriage of justice, to excuse the procedural defaults of his claims. (*Id*.) The Magistrate Judge concluded the Petitioner failed to raise the claims at issue in his direct appeal. (Doc. 25 at 3-10) Additionally, the Magistrate Judge concluded the claims are unexhausted and procedurally defaulted without excuse. (*Id.*)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been carefully considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. This Court finds, although timely filed, the Petitioner's claims are procedurally defaulted and are also without merit. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The

R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 25) is **accepted** and **adopted** by the Court;

2. That the Motion to Stay (Doc. 23) is **denied**;

3. That the Petitioner's Objections (Doc. 27) are **overruled**;

4. That the Motion to file an attachment (Doc. 30) is **granted**;

5. That the Petition for Writ of Habeas Corpus (Doc. 14) is **denied** and this action is **dismissed with prejudice**;

6. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

7. That the Clerk of Court shall **terminate** this action.

Dated this 15th day of February 2019.

Honorable Steven P. Logan
United States District Judge